UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FABIO MANUEL GUZMAN ESPINAL,

                        Plaintiff,

       -against-

VA DEPARTMENT OF VETERNS AFFAIRS
(VA) BRONX, NY,

                       Defendant.

25-CV-4762 (RA)

ORDER OF SERVICE

---

RONNIE ABRAMS, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that his rights were violated when he was inappropriately touched by an employee of the of the United States Department of Veteran Affairs ("VA"). Plaintiff sues the "VA Department of Veterans Affairs (VA) Bronx, NY," which the Court understands to be the VA. The Court construes the complaint as asserting claims under the Federal Tort Claims Act ("FTCA"). By order dated June 30, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

**A.    Claims against the VA**

      The only proper defendant for an FTCA claim is the United States of America. *See* 28 U.S.C. § 2679(d)(1) ("[T]he United States shall be substituted as the party defendant"). The Court therefore dismisses Plaintiff's claims against the VA.

      In light of Plaintiff's *pro se* status and clear intention to assert an FTCA claim against the United States of America, however, the Court construes the complaint as asserting a claim against the United States of America, and directs the Clerk of Court to amend the caption of this action to substitute "VA Department of Veterans Affairs (VA) Bronx, NY," with the United States

of America.  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the United States of America may wish to assert.

B.        **Service on the United States of America**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the United States of America through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the United States of America. The Clerk of Court is also instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service all the paperwork necessary to effect service upon the United States of America.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued.  The Court therefore extends the time to serve until 90 days after the date any summonses issue.

...

## CONCLUSION

The Court dismisses Plaintiff's claims against "VA Department of Veterans Affairs (VA) Bronx, NY," and directs the Clerk of Court to add the United States of America as a defendant. *See* Fed. R. Civ. P. 21.

The Court also directs the Clerk of Court to: (1) issue a summons for the United States of America; (2) complete a USM-285 form and mark the box on the form labeled "Check for service on U.S.A."; and (4) deliver all documents necessary to effect service on the United States of America to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   September 9, 2025
         New York, New York

                                                  _____
                                                          RONNIE ABRAMS
                                                       United States District Judge

**SERVICE ADDRESSES FOR DEFENDANT**

1. United States Attorney for the Southern District of New York
   Civil Division
   86 Chambers Street
   3rd Floor
   New York, New York 10007

2. Attorney General of the United States
   United States Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530-0001