UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FABIO MANUEL GUZMAN ESPINAL,

                    Plaintiff,

        v.

UNITED STATES OF AMERICA,

                    Defendant.

25-CV-4762 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

This case concerns an incident that *pro se* Plaintiff Fabio Manuel Guzman Espinal alleges occurred during a dental appointment at a Department of Veterans Affairs ("VA") hospital in the Bronx in September 2024. Dkt. 1 ("Compl.") at 5. Guzman Espinal asserts that, while one dentist was checking him, "another Dentist"—who was "behind" him—began "thrusting on" his "left shoulder." *Id.* After "mov[ing] a bit" because, he says, "it was nasty," Guzman Espinal alleges he was touched again by the same dentist. *Id.* Guzman Espinal asserts that "the Dentist violated" him and made him "feel shame." *Id.* Guzman Espinal also "made a police report" at the hospital following the incident. *Id.*

On November 12, 2024, Guzman Espinal filed an administrative tort claim with the VA. Dkt. 15, Ex. A ("Jan. 15, 2025 Notice of Claim Receipt"). The VA denied this claim on January 22, 2025. Dkt. 15, Ex. B ("Jan. 22, 2025 VA Denial Ltr."). It concluded that "there was no negligent or wrongful act on the part of a VA employee acting within the scope of employment that caused compensable harm." *Id.* Guzman Espinal filed the instant suit on June 5, 2025, seeking $3,000,000 in compensatory damages for the mental and physical harm he claims to have suffered.

Compl. at 6.[1]  The United States now moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that sovereign immunity bars Guzman Espinal's claims.  Dkt. 13 ("Def. Mot."); Dkt. 14 ("Def. Br.").  Guzman Espinal did not respond to the Government's motion.  For the reasons that follow, the Court dismisses Guzman Espinal's claims, albeit without prejudice and with leave to amend.

**LEGAL STANDARD**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(b)(1).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113; *see Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).  *Pro se* litigants are afforded "special solicitude." *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994).  When evaluating a motion to dismiss, courts "read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted).

**DISCUSSION**

As the Court has previously indicated, it construes the Complaint as asserting claims under the Federal Tort Claims Act ("FTCA").  *See* Dkt. 6 at 1.  In general, "the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity." *Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010).

---

[1] Guzman Espinal initially named the "VA Department of Veterans Affairs (VA) Bronx, NY" as the Defendant in this action.  *See* Compl. at 1.  By Order dated September 9, 2025, the Court dismissed, *sua sponte*, his claim against the VA and substituted the United States of America as the Defendant.  Dkt. 6 ("Order").  As the Court previously indicated, the only proper defendant for a claim brought under the Federal Tort Claims Act is the United States of America.  *See id.* at 1–2; 28 U.S.C. § 2679(d)(1).

2

Specifically, the United States may not be sued absent a waiver of sovereign immunity; without such a waiver, the Court does not have jurisdiction over the action. *See Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004). The United States has waived sovereign immunity for certain tort claims through the FTCA. 28 U.S.C. § 1346(b); *see, e.g.*, *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994).

The FTCA excludes certain intentional tort claims, such as "any claim arising out of assault [or] battery," from its waiver of sovereign immunity. 28 U.S.C. § 2680(h); *see Millbrook v. United States*, 569 U.S. 50, 52 (2013). Because "[t]he source of substantive liability under the FTCA is the law of the state," the Court applies the substantive tort law of New York to determine whether Guzman Espinal's claim constitutes an intentional tort for which sovereign immunity is—or is not—waived by the FTCA. *Hernandez v. United States*, 939 F.3d 191, 198 (2d Cir. 2019). Viewing the allegations in the Complaint in the light most favorable to Guzman Espinal, the Court holds that his claims arise out of either assault or battery because the VA dentist allegedly "touched him without consent." *Leytman v. U.S. Dep't of Homeland Sec. Transp. Sec. Admin.*, 804 F. App'x 78, 80 (2d Cir. 2020) (summary order) (applying New York law). Under New York law, battery constitutes "an intentional wrongful physical contact with another person without consent." *Tardif v. City of New York*, 991 F.3d 394, 410 (2d Cir. 2021). Similarly, "[t]o sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact." *Bastein v. Sotto*, 749 N.Y.S.2d 538, 539 (2d Dep't 2002). Guzman Espinal's allegation that a VA dentist "thrust[] on" his "left shoulder," Compl. at 5, constitutes "intentional wrongful physical contact," *Tardif*, 991 F.3d at 410, the "imminent apprehension of harmful contact," *Bastein*, 749 N.Y.S.2d at 539, or both.

Because Guzman Espinal's claims clearly arise out of assault and battery, the United States has not waived sovereign immunity with respect to those claims. *See* 28 U.S.C. § 2680(h). The Court thus lacks subject matter jurisdiction over this case. *See Leytman*, 804 F. App'x at 80; *Johnson ex rel. Johnson v. United States*, 788 F.2d 845, 850 (2d Cir. 1986) ("The statute's plain language . . . reflects an intent by Congress to bar a suit against the government for injuries caused by a government employee's commission of an assault and battery." (emphasis omitted)). Accordingly, the Court grants the Government's motion to dismiss.

## CONCLUSION

Because the Court concludes that it does not have subject matter jurisdiction, Guzman Espinal's claims are dismissed, albeit without prejudice and with leave to amend. If Guzman Espinal seeks to amend his Complaint, he must submit the Amended Complaint to this Court's Pro Se Intake Unit within 60 days of the date of this Opinion and Order, caption the document as an "Amended Complaint," and label the document with the case name and docket number 25-CV-4762 (RA). If Guzman Espinal decides not to amend his Complaint, or fails to do so within the time allowed, his suit will be dismissed with prejudice for lack of subject matter jurisdiction.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket 13 and mail a copy of this Memorandum Opinion and Order to Guzman Espinal at his listed address. SO ORDERED.

Dated:    May 20, 2026
          New York, New York

_____
Hon. Ronnie Abrams
United States District Judge